```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NORTH DAKOTA
                      NORTHEASTERN DIVISION

UNITED STATES OF AMERICA        )
                                )   REPORT AND RECOMMENDATION
        V.                      )
                                )     CASE NO. 2:10-cr-1 and
VICTOR DEMERY, JR.              )          4:05-cr-50-02
```

On referral from Chief Judge Ralph Erickson (Doc. 38), this Court held a September 13, 2010 hearing to consider a petition (Doc. 46) which alleges that Victor Demery Jr., violated conditions of his supervised release. At that hearing, Demery admitted he had violated conditions of release, and the parties made recommendations for disposition. The government seeks revocation, a sentence of twelve months in custody, and no continuing supervision. Demery requests continuation of supervised release, conditioned on participation in alcohol/drug treatment.

## FACTS

Demery is serving concurrent supervised release terms in two separate cases. The first case, 4:05-cr-50-2, involved an arson conviction. Near the end of his prison term in that case, the Bureau of Prisons placed Demery at Lake Region Law Enforcement Center to complete the sentence. The second case, 2:10-cr-01, involved an escape conviction that resulted from Demery not returning to LRLEC after he had been allowed to leave to search for employment.

After the escape conviction, Demery was ordered to serve four

months in custody and three years of supervised release.  His supervised release in 2:10-cr-1 began July 22, 2010.  On that date, Chief Judge Erickson held a review hearing, and ordered that Demery complete four months at Lake Region Residential Reentry Center as a condition of supervised release.  Demery began the LRRRC placement on July 22nd.

Shortly after beginning the supervised release placement at LRRRC, on August 6, 2010, Demery was allowed to leave to attend an AA meeting.  He did not return.  On August 9th, Demery called his supervising probation officer, and told him that he was in East Grand Forks, and that he had been using alcohol.  At the hearing, Demery stated that he had lied about his whereabouts during that phone call, and that he had actually been at the tribal casino when he made the call.  Demery admitted that he had been using alcohol prior to making the phone call.  After he received that phone call, the supervising probation officer prepared a petition (Doc. 34), and a warrant for Demery's arrest was issued.

Demery stated at the hearing that he had returned to the LRRRC about a week after leaving to pick up some property, and likened that to an attempt to turn himself in.  The supervising officer reported that LRRRC confirmed that Demery had visited the facility on August 19, but that he did not "ask to be arrested" at that time.

Demery was arrested by tribal police on August 29, 2010, and

charged with possession of marijuana.  Drug testing after his arrest was negative. An amended petition (Doc. 37) charges Demery violated conditions of supervision on that date by placing himself in a residence in which a convicted felon was present, and where illegal drugs and alcohol were present.  The tribal charge of possession of marijuana remains pending.

Pursuant to an Order of September 9, 2010, Demery is in custody pending a decision on the petition.  When the motion for detention was considered, Demery stated that he had immediate employment available with a past employer.  The supervising officer reports that the employer had had no contact from Demery since he left LRRRC.

## **PARTIES' POSITIONS ON DISPOSITION**

It is the government's position that Demery is not amenable to treatment, and that the similarity between the instant violations and the underlying escape conviction demonstrates that he likely will not comply with conditions of continued supervised release. The government therefore asks that supervised release be revoked, and that Demery be ordered to serve twelve months in custody, with no additional supervised release term at the end of the custody term.

Demery asks for a disposition that would allow him to obtain alcohol and drug treatment, which would not be possible under a twelve month BOP sentence.  He asks that a 60-day period of

confinement at LRLEC be followed by a placement of up to 90 days at Heart of America Correctional and Treatment Center, so that he can obtain alcohol and drug treatment.

### POLICY STATEMENTS OF SENTENCING GUIDELINES

The violations to which Demery admitted are of Grade C.  At the time sentence was imposed, he was in Criminal History Category IV.  The policy statements suggest a sentence of six to twelve months if release is revoked under those circumstances.

### DISCUSSION

Demery's supervised release compliance to date has been very poor.  He is 25 years old, has a tenth grade education, has a sparse employment history, and has an alcohol abuse problem.  The information presented at the hearing does not detail Demery's history of drug and alcohol treatment.

In this Court's view, the disposition Demery suggests would be preferable to that suggested by the government.  It would impose a sanction of two months in custody, and would afford an opportunity for drug and alcohol treatment following that time in custody. After completion of drug and alcohol treatment, Demery would still have more than two years of supervised release remaining.  If he chooses to do so, that would allow him ample time to re-orient his life and escape his current cycle of involvement in the criminal justice system.  He is a young man, who has spent much of his adult life in custody.  To simply impose another term of custody would

seem to invite repetition of his previous behaviors.

## **RECOMMENDATION**

This Court recommends that the Chief District Judge find Demery violated conditions of supervised release, as alleged in the Second Amended Petition.  This Court further recommends that Demery's supervised release be continued through its scheduled completion date, that conditions be modified to require that Demery spend 60 days in custody at LRLEC and that he then complete a placement of up to 90 days at HACTC during which time he be required to complete drug and alcohol treatment.

## **OPPORTUNITY FOR OBJECTIONS**

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommendation within fourteen days after being served with a copy of this Report and Recommendation.  If the parties do not object to the proposed findings and recommendations, they should promptly advise the Clerk's Office, so that the matter may be considered by the District Judge before the fourteen day period ends.

Dated this 27th day of September, 2010.

/s/ *Alice R. Senechal*
Alice R. Senechal
U.S. Magistrate Judge